ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of -- | ) |
| | ) |
| Rizzani de Eccher (USA), Inc. | ) ASBCA No. 61584-984 |
| | ) |
| Under Contract No. W912ER-11-C-0001 | ) |

APPEARANCES FOR THE PETITIONER:     Jeffrey G. Gilmore, Esq.
                                    John M. Neary, Esq.
                                    Daniel R. Miktus, Esq.
                                      Akerman LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                      Engineer Chief Trial Attorney
                                    Regina L. Schowalter, Esq.
                                    Nancy L. Pell, Esq.
                                      Engineer Trial Attorneys
                                      U.S. Army Engineer District, Middle East
                                      Winchester, VA

## ORDER PURSUANT TO BOARD RULE 1(a)(5) DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

The contractor filed, under Rule 1(a)(5), a request for an order directing the contracting officer (CO) to render a decision on a December 29, 2017 certified claim in the amount of $10,248,275. The contractor requested that the CO issue a decision by August 2, 2018. The government has advised that a final decision on the claim will be issued by November 16, 2018. We find this date unreasonable and direct the contracting officer to issue a decision by September 12, 2018.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. On December 16, 2010, the U.S. Army Corps of Engineers (government or USACE) awarded Contract No. W912ER-11-C-0001 to Rizzani de Eccher (USA), Inc. (the contractor) to construct two billets facilities and a subsistence warehouse at Al Udeid Air Base, State of Qatar (pet. at 2).

2. By letter dated December 29, 2017, the contractor submitted a certified claim to the CO for a time extension, compensable delays and costs, and remission of liquidated damages in the amount of $10,248,275. The claim was 80-pages long and contained 108 exhibits. (Pet., ex. 1)

3. On January 8, 2018, the CO acknowledged receipt of the claim via email (pet., ex. 2).

4. By letter dated February 23, 2018, the CO stated that due to the size and complexity of the claim, a final decision would be issued by February 27, 2019.* The CO's letter also requested that the contractor submit the exhibits for the subject claim and certain scheduling files. (Pet., ex. 3)

5. The contractor submitted the exhibits and scheduling files on April 16, 2018 (pet. resp. at 2).

## DECISION

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall (a) issue a decision or (b) notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2).

The CDA also requires that the decision of the CO on a contractor claim "shall be issued within a reasonable time...taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3).

Under the CDA, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) implements this section providing that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

Whether the time in which a CO states he or she will issue a decision is reasonable must be determined on a case-by-case basis. *Eaton Contract Services, Inc.*, ASBCA Nos. 52686, 52796, 00-2 BCA ¶ 31,039 (finding eight months reasonable given the volume of documentation, number of issues and time needed to gather information due to relocation of personnel); *Defense Systems Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 (finding nine months reasonable when claimed amount exceeded $71 million and narrative portion of the claim alone exceeded 162 pages); *Dillingham/ABB-SUSA, a Joint Venture*, ASBCA Nos. 51195, 51197, 98-2 BCA

---

* The government's response to the petition updated the expected date of the final decision to November 16, 2018 (gov't opp'n at 3).

2

¶ 29,778 (finding 14-16 months unreasonable for a small construction claim and an impact claim that had been extensively analyzed and audited).

The government and contractor disagree over when the contractor provided the CO information necessary to process the claim. The government points to the CO's February 23, 2018 letter requesting the contractor "submit the exhibits for the subject claim, P6/xer files for the approved baseline schedule, monthly updates, and final/as-built schedules in order to analyze time related impacts as soon as possible." The government states that the CO's request went unanswered until after the current petition was filed with the Board. (Gov't opp'n at 2)

The contractor acknowledges that it provided the requested documents on April 16, 2018, but also maintains that these documents were already in the possession of the government (pet. resp. at 1-2). The contractor submitted to the Board a screenshot from the USACE's Resident Management System and Quality Control System programs showing that the claim and its 108 exhibits were sent to the government on December 31, 2017 (pet. resp., ex. 1). Regarding the requested scheduling files, the contractor asserts that these were provided to the government during the pendency of the contract (pet. resp. at 2).

After considering the parties' arguments, we find neither wholly persuasive. The contractor submitted the certified claim and exhibits on December 31, 2017. The CO acknowledged receipt of the claim on January 8, 2018, but made no mention of the allegedly missing exhibits at that time. It was not until his February 23, 2018 letter that the CO requested the exhibits and certain scheduling files. It is not clear why the CO requested the claim exhibits when they were previously provided. At the same time, though, the contractor's lack of communication in response to the CO's letter also contributed to the delay. Finally, the contractor asserts that the requested scheduling files were submitted during the pendency of the contract, but does not provide anything to support this assertion.

Under the circumstances, we find the November 16, 2018 date for issuing a final decision to represent undue delay. We believe that a reasonable time for the CO to issue a final decision is September 12, 2018.

## CONCLUSION

The Board hereby directs the CO to issue a decision on the contractor's claim by September 12, 2018.

This Order completes all necessary action by the Board. If the CO fails to comply with this Order, such failure will be deemed a decision by the CO denying the

3

claim, and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7103(f)(5) and 7104.

Dated: July 6, 2018

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order Pursuant to Rule 1(a)(5) of the Armed Services Board of Contract Appeals in ASBCA 61584-984, Petition of Rizzani de Eccher (USA), Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4